JACOB L. MACLIN,

        Petitioner,

v.

        Case No. 21-cv-1226-pp

UNITED STATES OF AMERICA,
and ERIC J. SEVERSON,

        Respondents.

**ORDER DISMISSING PETITION FOR WRIT OF *HABEAS CORPUS* UNDER 28 U.S.C. §2241 (DKT. NO. 1), DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY AND DISMISSING CASE WITH PREJUDICE**

On October 21, 2021, the petitioner, representing himself, filed a petition for writ of *habeas corpus* under 28 U.S.C. §2241. Dkt. No. 1. He has paid the $5.00 filing fee. This order denies the petition and dismisses the case.

**I.    Background**

The petition challenges what was, at the time it was filed, the petitioner's pretrial detention in Case No. 18-cr-122 (E.D. Wis.). Id. at 1. The grand jury returned an indictment on June 5, 2018. United States v. Jacob Maclin, Case No. 18-cr-122 (E.D. Wis.), Dkt. No. 1.[1] Count One charged the petitioner with knowingly possessing a firearm after having been convicted of a crime carrying a penalty of at least a year in prison in violation of 18 U.S.C. §§922(g)(1), 924(a)(2) and 2(a). Id. at 1. Count Two charged the petitioner with knowingly

---

[1] On October 26, 2021—a week *after* the defendant filed this petition—the grand jury returned a superseding indictment. United States v. Jacob Maclin, Case No. 18-cr-122 (E.D. Wis.), Dkt. No. 118.

1

possessing with intent to distribute marijuana in violation of 21 U.S.C. §841(a)(1) and (b)(1)(D). Id. at 2. Count Three charged the petitioner with knowingly possessing a firearm in furtherance of the drug trafficking offense charged in Count Two in violation of 18 U.S.C. §924(c)(1)(A)(i). Id. at 3.

On September 21, 2021, the petitioner filed in the criminal case a document titled a "Counter-Plea Agreement." Id. at Dkt. No. 111. In it, he claimed not to understand the charges against him, "voluntarily agree[d] to dismiss the prosecution by indictment in open court," and "voluntarily agree[d] to plead not guilty" to the charges. Id. at Dkt. No. 11, p. 2. The petitioner made several assertions in the "Counter-Plea Agreement," such as that he was a man and not a corporate fiction, that he never had operated in interstate commerce, that Jacob Leon Maclin was a "foreign trust" and that his "accuser"—the government—was a corporate fiction and did not exist. Id. at Dkt. No. 111, pages 3, 5-6. He demanded that all charges be dismissed immediately and that Jacob Leon Maclin, "a man," be released immediately. Id. at Dkt. No. 111, page 7.

At a hearing the next day, the court addressed the "Counter-Plea Agreement":

> The court stated that this document was not recognized by the Federal Rules of Criminal Procedure and that the government did not appear to have signed it or to be a party to it. The prosecutor confirmed that the government had not signed the document and did not agree with the representations in it.
>
> The court noted that the document indicated that the defendant did not understand the charges against him; the court noted that that the last hearing where the defendant had asked to represent himself, he had told the court that he *did* understand the charges against him. The defendant explained that he comprehended what he'd been charged with, but he asserted that this litigation infringed on his constitutional rights and cited Rule 17. The court indicated that Fed. Rule Crim. P. 17 governs subpoenas; the court speculated that the

defendant was referring to Fed. R. Civil P. 17 (which governs the ability of parties to sue and be sued) and explained that that rule does not apply in criminal cases.

Dkt. No. 113 at 1. Construing the document as a motion to dismiss the indictment, the court denied the motion. Id. at 2.

A month later, the petitioner filed this petition for writ of *habeas corpus* under 28 U.S.C. §2241. Maclin v. United States *et al.*, Case No. 21-cv-1226 (E.D. Wis.), Dkt. No. 1.

## II. Analysis

### A. Standard

Under Rule 1(b) of the Rules Governing Section 2254 Cases and Civil Local Rule 9(a)(2) (E.D. Wis.), the court applies the Rules Governing Section 2254 Cases to a petition for a writ of *habeas corpus* under 28 U.S.C. §2241. Chagala v. Beth, No. 15-CV-531, 2015 WL 2345614, at *1 (E.D. Wis. May 15, 2015). Those rules require the court to review, or "screen," the petition. Rule 4 of the Rules Governing Section 2254 Cases states:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

A court must allow a *habeas* petition to proceed unless it is clear that the petitioner is not entitled to relief in the district court. At the screening stage, the court expresses no view as to the merits of any of the petitioner's claims. Instead, the court considers whether the petitioner has stated cognizable grounds for federal *habeas* relief and whether the petitioner has exhausted his state court remedies.

3

B. Discussion

In the section of the form petition asking what he is challenging, the petitioner stated:

> Unlawful detainment, accused of violating interstate commerce in which i do not operate in Commerce and never have. Detainment without conviction in a trial by jury. Violation of rights under color of law. Double jeopardy. Violation of constitutionally protected rights converting the exercise of said rights into a crime.

Dkt. No. 1 at 2. In the section asking him to describe the decision he was challenging, the petitioner wrote:

> The plaintiff is a fictitious entity and not an injured party to these proceedings nor is there an injured party. The plaintiff is the UNITED STATES OF AMERICA evidenced by DUNS number and has no standing to bring suit. Interested parties indispensable to these proceedings have failed to join and are acting as first hand witnesses.

Id.

In the section asking the petitioner to indicate his grounds for relief, the petitioner wrote "[p]lease see all attached affidavits and pleadings." Dkt. No. 1 at 6. To his petition, the petitioner attached the "Counter-Plea Agreement" that he had filed in the underlying criminal case in September 2021, the document that the court had construed as a motion to dismiss the indictment and denied at the September 22, 2021 hearing. Id. at 9-20. "[A] federal pretrial detainee cannot use § 2241 to preempt the judge presiding over the criminal case." Williams v. Hackman, 364 F. App'x 268 (7th Cir. 2010) (citing Jones v. Perkins, 245 U.S. 390, 391-92 (1918)). The petitioner cannot circumvent the court's prior ruling regarding his "Counter-Plea Agreement" by refiling it as a *habeas* petition.

Second, the petitioner had several opportunities to contest his pretrial detention in the criminal case. In fact, he was released for some time, but had

4

Case 2:21-cv-01226-PP    Filed 04/22/22    Page 4 of 6    Document 4

his bond revoked after being arrested on new federal charges. Maclin, Case No. 18-cr-122, Dkt. No. 110.

Third, the petitioner is no longer a pretrial detainee. On March 1, 2022, a jury found the petitioner guilty of each count in the superseding indictment. Id., Dkt. No. 160. The court scheduled sentencing for July 20, 2022. A *habeas* claim regarding the petitioner's pretrial detention is now moot. Jackson v. Clements, 796 F.3d 841, 843 (7th Cir. 2015).

Fourth, the court has ruled on the petitioner's theories about his identity, the existence of the plaintiff in the criminal case and the court's jurisdiction several times in the underlying criminal prosecution. Maclin, Case No. 18-cr-122, *e.g.*, Dkt. Nos. 123, 125.

Finally, the petitioner's sentencing in the underlying criminal case is scheduled for July 7, 2022 at 1:30 p.m. Once that hearing is concluded, the petitioner will have the opportunity to contest everything that has happened in this case—every ruling this court has made, the jury's verdict, his detention and the sentence—by filing an appeal with the Seventh Circuit Court of Appeals.

The court will dismiss the petition and the case.

### III. **Certificate of Appealability**

Under Rule 11(a) of the Rules Governing Section 2254 Cases, the court must consider whether to issue a certificate of appealability. A court may issue a certificate of appealability only if the applicant makes a substantial showing of the denial of a constitutional right. See 28 U.S.C. §2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve

5

Case 2:21-cv-01226-PP   Filed 04/22/22   Page 5 of 6   Document 4

encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotations omitted). The court declines to issue a certificate of appealability because reasonable jurists could not debate that the petitioner is not entitled to *habeas* relief under 28 U.S.C. §2241.

## IV. Conclusion

The court **DISMISSES** the petition for writ of *habeas corpus* under 28 U.S.C. §2241. Dkt. No. 1.

The court **DECLINES TO ISSUE** a certificate of appealability.

The court **ORDERS** that this case is **DISMISSED WITH PREJUDICE**. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 22nd day of April, 2022.

BY THE COURT:

_____
**HON. PAMELA PEPPER
Chief United States District Judge**